Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Anthony Paronich, *Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
*Attorney for Plaintiff Terry Fabricant and*
*the Proposed Class*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>PAYMENTCLUB INC.<br><br>    Defendant. | Case No. 2:19-cv-02451-ODW-AS<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)<br>2. KNOWING OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)<br><br>Class Action<br><br>DEMAND FOR JURY TRIAL |

- 1 -
FIRST AM. COMPL.
*Fabricant v. TOT Payments, LLC, et. al.*

Plaintiff TERRY FABRICANT ("Plaintiff"), by his undersigned counsel, for this class action complaint against Defendant PAYMENTCLUB INC. ("PaymentClub") and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities, alleges as follows:

## I.      INTRODUCTION

1.      <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## II.      PARTIES

2.      Plaintiff Terry Fabricant is an individual residing in California, in this District.

3.      Defendant PaymentClub Inc. is a Delaware corporation with its principal place of business in Garden Grove, CA and a registered agent of Legalinc Corporate Services Inc. in Newark, DE. Defendant does business in California and throughout the United States, including sending telemarketing calls into this district, as it did with the Plaintiff.

## III.      JURISDICTION AND VENUE

4.      <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because they arise under a law of the United States: 47 U.S.C. § 227.

5.      <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendants because the challenged calls at the heart of this case were directed into California. Furthermore, Unified Payments' application was sent to the Plaintiff in California in an attempt to secure business in California.

6.      <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and the challenged calls at the heart of this case were directed by Defendant into this District.

## IV.         THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

<u>The History of the TCPA</u>

7.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to people who receive calls in violation of § 227(b)(1)(A). *Id.* § 227(b)(3).

9.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and can be costly and inconvenient.

10.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

11.     Since 2013, the FCC has required "prior express written consent" for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this

- 3 -

> information, agrees unambiguously to receive such calls
> at a telephone number the consumer designates. In
> addition, the written agreement must be obtained
> "without requiring, directly or indirectly, that the
> agreement be executed as a condition of purchasing any
> good or service."

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted).

The Growing Problem of Automated Telemarketing

12.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

13.     "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

14.     In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

15.     *The New York Times* recently reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing. Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y.

Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them*, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-them-1530610203.

16.    Even more recently, a technology provider combating robocalls warned that nearly half of all calls to cell phones next year will be fraudulent. Press Release, First Orion, *Nearly 50% of U.S. Mobile Traffic Will Be Scam Calls by 2019* (Sept. 12, 2018), https://www.prnewswire.com/news-releases/nearly-50-of-us-mobile-traffic-will-be-scam-calls-by-2019-300711028.html

## V.         FACTUAL ALLEGATIONS

17.    PaymentClub is a company that supports businesses accepting electronic payments.

18.    Defendant's strategy for generating new customers involves the use of an automatic telephone dialing system ("ATDS") to solicit business.

19.    PaymentClub uses an ATDS that have the capacity to store or produce telephone numbers to be called.

20.    PaymentClub's ATDS include predictive dialers.

21.    Recipients of these calls, including Plaintiff, did not consent to receive them.

22.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

The Automated Telemarketing Call From Defendant to a Number Listed on the National Do Not Call Registry

23.    Plaintiff's telephone number, (818)-352-XXXX, is registered to a cellular telephone service, which is the number he received the call on.

24.    It has been on the National Do Not Call Registry since 2008.

25. On January 22, 2019 around 11:53 AM PST, the Plaintiff received a call from the Defendant.

26. The caller ID showed the telephone call was from (407) 577-0551.

27. Plaintiff answered.

28. Unlike on a normal call, no one promptly announced herself to Plaintiff. Instead, Plaintiff heard an unnatural click and pause.

29. Eventually, however, a live salesperson did come on the line.

30. The salesperson claimed that their company was in payment solutions and pitched Plaintiff on using their services.

31. In order to identify the caller, Plaintiff provided his email address to receive more information to identify the caller.

32. The Plaintiff received an e-mail from "meesha@paymentclub.com" confirming the telemarketing call.

33. The call was not necessitated by an emergency.

34. All parties were in the United States during the call.

35. Plaintiff's privacy has been violated by the above-described telemarketing robocalls from, or on behalf of, Defendants. The calls were an annoying, harassing nuisance.

36. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

37. <u>Class Definition</u>. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of a class (the "Class") defined as follows: All persons to whom:

(a) Defendant and/or a third party acting on Defendant's behalf made one or more non-emergency telephone calls; (b) to a cellular telephone number; (c) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (d) at any time in the period that begins four years before the date of filing the original complaint in this case and ends at the date of trial.

38.     <u>Exclusions</u>. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, the judges to whom this case is assigned and the legal representatives, assignees, and successors and immediate family members of all of the foregoing.

39.     <u>Numerosity</u>. The Class is so numerous that joinder of all its members is impracticable.  On information and belief, the Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

40.     <u>Commonality</u>. The key questions driving the outcome of this dispute have the same answers for all Class members. Those questions include, but are not limited to, the following:

a.     Whether Defendant used an ATDS, as defined by *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1043 (9th Cir. 2018);

b.     Whether Defendant purchased batches of leads of prospects who had not consented to be called by it;

c.     Whether Defendant's violations of the TCPA were knowing and willful

d.     Whether Defendant is liable for ATDS-generated and/or automated or prerecorded calls promoting its products made by third parties; and

e.     Whether Defendant should be enjoined from engaging in similar nonconsensual telemarketing in the future.

41.   <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and those of the Class arise out of the same course of conduct by Defendant and are based on the same legal and remedial theories.

42.   <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable counsel with experience in TCPA class litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has interests contrary to or conflicting with those of the proposed Class.

43.   <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these common issues in a single action has important advantages, including judicial economy.

44.   <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are dwarfed by the cost of prosecution. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are automated and because the TCPA lays down bright-line standards for liability and damages. Class treatment is superior to thousands of individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

45.     Only 1 in 7 million robocalls results in the filing of a federal TCPA suit. *Compare* Herb Weisbaum, *It's Not Just You—Americans Received 30 Billion Robocalls Last Year*, NBC News (Jan. 17, 2018), https://www.nbcnews.com/business/consumer/it-s-not-just-you-americans-received-30-billion-robocalls-n838406 (30.5 billion robocalls); *with* WebRecon, *WebRecon Stats for Dec 2017 & Year in Review* (last visited Oct. 29, 2018), https://webrecon.com/webrecon-stats-fordec-2017-year-in-review/ (4,392 TCPA complaints). Except to the extent that they are remedied by class actions, the other 6,999,999 are made with impunity.

46.     <u>Injunctive and Declaratory Relief is Appropriate</u>. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

47.     <u>Notice</u>. Plaintiff anticipates that the mailing address and/or electronic mailing address of Class members will be obtained during discovery from Defendant's calling records (potentially in conjunction with third-party databases that map phone numbers to such addresses). Plaintiff anticipates that Class counsel will notify Class members in writing at such addresses.

## VII.          FIRST CLAIM FOR RELIEF

### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

48.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49.     The foregoing acts and omissions of Defendant and/or its affiliates or agents, and/or other persons or entities acting on Defendant's behalf, constitute numerous violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

50.     Therefore, Plaintiff and members of the Class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute. 47 U.S.C. § 227(b)(3)(B).

51.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant, its affiliates and agents, and any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice.

## VIII.     SECOND CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

52.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53.     As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by Defendant, its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute. 47 U.S.C. § 227(b)(3).

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Class, prays for judgment against Defendant as follows:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that actions complained of herein by Defendant and/or its affiliates, agents, or related entities violate the TCPA;

E.      An order enjoining Defendant and its affiliates, agents and related entities from engaging in the unlawful conduct set forth herein;

F.      An award to Plaintiff and the Class of damages, as allowed by law;

G.      An award to Plaintiff and the Class of attorney's fees and costs, as allowed by law and/or equity;

H.      Leave to amend this Complaint to conform to the evidence presented at trial; and

I.      Orders granting such other and further relief as the Court deems necessary, just and proper.

## X.      DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.


DATED: March 25, 2018                    **PARONICH LAW, P.C.**




                                         */s/ Anthony I. Paronich*
                                         Anthony Paronich
                                         *Attorney for Plaintiff Terry Fabricant*
                                         *and the Proposed Class*

- 11 -
FIRST AM. COMPL.
*Fabricant v. TOT Payments, LLC, et. al.*