**O**

# United States District Court
# Central District of California

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>PAYMENTCLUB INC.,<br><br>            Defendant. | Case № 2:19-CV-02451-ODW-(ASx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM L.R. 23-3 REGARDING DEADLINE FOR FILING MOTION FOR CLASS CERTIFICATION [27]; AND DENYING DEFENDANT'S MOTION TO DISMISS [38]** |

## I. INTRODUCTION

On April 1, 2019, Plaintiff Terry Fabricant ("Fabricant") filed a complaint against Net Element Inc. for violation of the Telephone Consumer Protection Act ("TCPA") and willful or knowing violation of the TCPA. (*See generally* Compl., ECF No. 9.) Thereafter, on May 3, 2019 Fabricant amended his complaint to name Defendant Paymentclub Inc. ("Paymentclub"), which executed a Waiver of Service on May 9, 2019, resulting in a responsive pleading deadline of July 8, 2019. (*See generally* First Am. Compl. ("FAC"), ECF No. 21; Waiver of Service, ECF No. 22.)

On June 25, 2019, Plaintiff moved for relief from Local Rule 23-3, which sets the deadline for moving for class certification. (Mot. for Relief from Local Rule 23-3 ("Mot. for Relief"), ECF No. 27.) On July 10, 2019, Defendant filed a motion to

dismiss the First Amended Complaint ("FAC") for failing to state a claim.[1] (Mot. to Dismiss ("MTD"), ECF No. 38.)

## II. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III. FACTUAL BACKGROUND

Fabricant alleges that Paymentclub uses automatic telephone dialing system ("ATDS") with the ability to store or produce telephone numbers to solicit business.

---

[1] Having carefully considered the papers filed in connection to the instant motions, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

(FAC ¶¶ 18, 19.)  Fabricant alleges on January 22, 2019, he received a call from Paymentclub on his (818) mobile device without his consent.  (FAC ¶¶ 21, 23, 25.)  To identify the caller, Fabricant provided his email address to the sales representative and received an email from meesha@paymentclub.com.  (FAC ¶¶ 31, 32.)  Fabricant asserts that the call was not necessitated by an emergency and his privacy was violated by the "annoying, harassing nuisance."  (FAC ¶¶ 33, 35.)

Fabricant seeks to represent a class of "[a]ll persons to whom (a) Defendant and/or a third party acting on Defendant's behalf made one or more non-emergency telephone calls; (b) to a cellular telephone number; (c) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (d) at any time in the period that begins four years before the date of filing the original complaint in this case and ends at the date of trial."  (FAC ¶ 37.)

## IV. DISCUSSION

### A. Motion for Relief from Local Rule 23-3

Fabricant filed his Motion for Relief on June 25, 2019, seeking relief from the Central District's Local Rule 23-3, which requires a plaintiff to move for class certification within 90 days of "service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995." *See* C.D. Local Rule 23-3.  Paymentclub filed its Opposition to this Motion on July 15, 2019 claiming Fabricant provides no justification for his failure to comply with Local Rule 23-3.  (Opp'n to Mot. for Relief, ECF No. 40.)

Under Rule 6(b)(1)(A), "the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  (Fed. R. Civ. P. 6.)

Fabricant's deadline to file a motion for class certification elapsed on August 1, 2019, which is 90 days after Fabricant served Paymentclub with the FAC.  C.D. Local Rule 23-3.  Fabricant filed his Motion for Relief requesting an extension, over a month before the deadline, because he anticipated he would not have received

sufficient discovery to file a robust motion for class certification. (Mot. for Relief 6.) Fabricant notes that Paymentclub agreed to waiver of service on May 9, 2019 and was not required to file a responsive pleading until July 7, 2019. (Mot. for Relief 6.) Although the Parties dispute whether Paymentclub agreed to an early Rule 26(f) conference, Fabricant projected that the 90-day deadline would not provide sufficient time for meaningful discovery and moved for relief well before the deadline. (Mot. for Relief 6; Opp'n to Mot. for Relief 4.) Accordingly, the Court finds that Fabricant acted with diligence and timely filed this motion for relief.

Given Fabricant's diligence and timeliness in filing his Motion for Relief and the demanding requirement of a sufficient factual record at class certification, the Court finds good cause to **GRANT** relief from Local Rule 23-3. *See, e.g.*, *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018) (reversing district court for failure to address class certification motion on its merits stating "[w]e conclude that the bright-line of Local Rule 23-3 is incompatible with Federal Rule of Civil Procedure 23."); *Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694, 696 (9th Cir. 2016) (reversing district court that rendered moot Plaintiff's motion for relief "in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage"); *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, (2011).

**B.     Failure to State a Claim**

Paymentclub alleges that Fabricant failed to plead sufficient allegations to state a claim. (MTD 2.) Specifically, Fabricant failed to allege that the call was placed using an ATDS, without his consent, or for a non-emergency reason. (MTD 4–5.) Yet, Fabricant did in fact allege that "[r]ecipients of these calls, including Plaintiff, did not consent to receive them." (FAC ¶ 21.) Further, Fabricant alleges that Paymentclub uses an ATDS system, for example, when he received a phone call from Paymentclub no one answered at first but after a click he received a human response. (FAC ¶¶ 18, 28, 29.) Moreover, Fabricant alleges that he spoke to the sales representative who "described [the] company was in payment solutions and pitched

Plaintiff on using their services." (FAC ¶¶ 29, 30.) Thus, the Court can surmise that the call was not regarding an emergency situation. Accordingly, from these allegations the Court can infer that Fabricant asserts a violation under the TCPA for use of an ATDS. *See Ashcroft*, 556 U.S. at 679 (2009).

Lastly, Paymentclub repeatedly asserts that Fabricant "fails to state any factual support regarding any calls" (MTD 4); however, on a motion to dismiss the plaintiff need not prove his claim with evidentiary support. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Plaintiff sufficiently pleads a claim if he provides notice of the violation. *Id*. Here, Fabricant indicates the date he received the call and outlines the factual background of his claim with sufficient detail. Thus, the Court finds Fabricant has sufficiently plead a claim.

Accordingly, the Court **DENIES** Paymentclub's motion to dismiss.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion (ECF No. 27) and **DENIES** Defendant's Motion (ECF No. 38).

**IT IS SO ORDERED.**

November 6, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

5